```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

KRZYSZTOF LUKASZUK, et al.,

                    Plaintiffs,
                                              REPORT & RECOMMENDATION
        - against -
                                              CV 2002-5143 (JG)(MDG)
MOTILLA L. SUDEEN, also known as MOTI
SUDEEN, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X
```

GO, United States Magistrate Judge:

Krzysztof Lukaszuk and Kelly Malone, as Administrator of the Stephen Shouppe Estate, commenced this action against Motilla L. Sudeen aka Moti Sudeen, Jerry Freeman, Golden Pond, LTD and Sudeen's Enterprises, Inc. alleging violations of the federal RICO statute, fraud and breach of contract. By order dated November 2, 2005, the Honorable John Gleeson referred pro se defendant Sudeen's motion to vacate entry of default to me to report and recommend.

For the reasons that follow, I respectfully recommend that defendant Sudeen's motion be granted.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs commenced this action on September 23, 2002 alleging that the defendants engaged in a scheme to defraud them and others out of money that they intended to be used to purchase investment funds. In an affidavit of service dated October 23,

2002, process server Davy Keith swore that on October 14, 2002, he left the summons and complaint with George Bedford, Jr., described as a "Bus. Assoc." and person of suitable age and discretion. See ct. doc. 2. Mr. Keith delivered the process to defendant Sudeen's alleged place of business at 11378 Highway 11, Poplarville, MS and mailed a copy of the process to defendant Sudeen at the same address on October 16, 2002. See id.

After plaintiffs filed an Amended Complaint on January 14, 2003, see ct. doc. 5, Mr. Keith swore in a second affidavit of service dated March 1, 2006 that on February 18, 2003, he again left the amended summons and complaint with George Bedford, Jr. at 11378 Highway 11, N. Poplarville, MS and mailed a copy of the process to the same address. See ct. doc. 21, Exh. 1.

Defendant Sudeen failed to answer and plaintiffs moved for a default judgment on September 22, 2003. See ct. doc. 8. On December 16, 2003, the Honorable John Gleeson granted plaintiffs' motion for default judgment and referred to the late United States Magistrate Judge A. Simon Chrein for report and recommendation the issue of damages. See ct. doc. 10. After this case was reassigned to me, this Court set a schedule for inquest submissions in an order filed on April 5, 2005. See ct. doc. 11.

In his verified "Preliminary REPLY to Assessment of Damages" filed on June 13, 2006 (ct. doc. 13), defendant Sudeen stated that he has been incarcerated since January 2003 and had not received

any documents in this case other than the Court's April 5, 2005 order.  Id. at 1.  He then filed a motion to dismiss plaintiffs' claims on the ground that all his debts had been discharged on September 13, 2005 by the United States Bankruptcy Court for the Southern District of Mississippi.  Ct. doc. 15.

By motion dated October 18, 2005, defendant Sudeen brought the instant motion to vacate the default, contending he was not properly served with the complaint and did not receive timely notice of this action.  See ct. doc. 16.  Concerned whether plaintiffs had properly served defendant Sudeen and noting that the defendant had been remanded to the custody of the United States Marshal after his conviction on January 27, 2003, this Court directed plaintiff in an order filed January 26, 2006 to address the validity of service.  Ct. doc. 17 (citing United States v. Sudeen, No. CR. 02-062, 2003 WL 21977170, at *1 (E.D. La. Aug. 14, 2003)).  In their response, plaintiffs argue that defendant had not offered any proof that he did not conduct business at the location where served or that George Bedford, Jr. was not authorized to accept service on his behalf.  Ct. doc. 21 at 3.

By order dated March 30, 2006, Judge Gleeson denied defendant's motion to dismiss, noting that any debt owed to plaintiffs would not be dischargeable in bankruptcy if defendant obtained plaintiff's money by false pretenses, false

representations or actual fraud. Ct. doc. 20 at 2.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The disposition of a motion to vacate a default judgment is left to the discretion of the district court. See, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) ("[The] district court . . . is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties"); Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1982) (same). The Second Circuit generally disfavors defaults, preferring trials on the merits. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). Thus, any doubts should be resolved in favor of vacating the default judgment. See, e.g., Enron, 10 F.3d at 95-96. Courts "should [also] grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Enron, 10 F.3d at 96.

In determining whether there is good cause to vacate default, a court should consider (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff;

and (3) whether the defendant has a meritorious defense. See Enron, 10 F.3d at 96; see also Pecarsky, 249 F.3d at 171; Davis, 713 F.2d at 915. Other factors include whether the default was made in good faith and whether the default would bring about a harsh or unfair result. Enron, 10 F.3d at 96. "None of these factors is determinative; each is to be weighed and balanced with the others." Staples, Inc. v. W.J.R. Assocs., No. 04-CV-0904, 2005 WL 820496, at *3 (E.D.N.Y. Apr. 7, 2005). Although the same factors apply to motions brought under Rule 55(c) and Rule 60(b), courts apply the factors less rigorously under Rule 55(c). See New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005); Enron, 10 F.3d at 96.

Because a default judgment is a "weapon of last, rather than first, resort, [it] should only be imposed upon a serious showing of willful default." Davis, 713 F.2d at 916 (internal quotations and citations omitted). A finding of willfulness requires a showing that the defaulting party engaged in "deliberate or egregious conduct." Am. Alliance, 92 F.2d at 61; see also Pecarsky, 249 F.3d at 172 (the court must be persuaded that the defendant made a strategic decision and "deliberately chose not to appear"). Mere negligence or carelessness is insufficient. See, e.g., Am. Alliance, 92 F.3d at 60 (defendant's failure to answer because complaint was misfiled for two months was not willful, but grossly negligent); Brien v. Kullman Indus., Inc., 71 F.3d 1073,

1078 (2d Cir. 1995) (defendant's failure to answer not willful where he "incorrectly assumed that the answer was to be filed after the petition for removal was granted").

Sudeen claims that he was never served with any complaints and did not receive timely notice of this action. See ct. docs. 13, 16. Under New York law,[1] an individual may be served by delivering the summons "to a person of suitable age and discretion at the actual place of business . . . of the person to be served" and mailing the summons "to the person to be served at his or her actual place of business." C.P.L.R. § 308(2). To be effective, service at defendant's "actual place of business" must be defendant's business address at the time of service, not when the cause of action arose. See Jackson v. County of Nassau, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2004).

The process server twice swore that he served Mr. Sudeen by leaving process on October 14, 2002 and February 18, 2003 with George Bedford, Jr., a "Bus. Assoc." of defendant Sudeen, at 11378 Highway 11, Poplarville, MS, Sudeen's place of business. See ct. doc. 2; amended affidavit of service dated March 1, 2006 (ct. doc. 21, Exh. 1). Under New York law, an affidavit of service "establishes a prima facie case of the account of the method of

---

[1] Fed. R. Civ. P. 4(e) provides that service upon an individual "may be effectuated in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located . . ."

service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." Old Republic Ins. Co. v. Pacific Fin. Servs., 301 F.3d 54, 57 (2d Cir. 2002). However, a defendant's sworn denial of receipt "rebuts the presumption of proper service" and "necessitates an evidentiary hearing," unless "the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" Id. at 57-58 (quoting Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (2000) (citations omitted)). The two affidavits of service suffice to trigger the presumption of proper service.

However, when the process server first served Mr. Bedford on October 14, 2002, defendant had long been indicted and released following his arrest in March 2002. See United States v. Sudeen, No. CR. 02-062, 2002 WL 417254, at *1 (E.D. La. March 14, 2002). The 11378 Highway 11 address where the process server effectuated service is also alleged to be the business address for defendants Golden Pond, LTD and Sudeen Enterprises, Inc., the corporations that plaintiffs claim were the racketeering enterprises through which defendant Sudeen engaged in unlawful activity. Am. Compl. at ¶¶ 5, 9, 29-32. It is questionable whether defendant Sudeen and the two corporate defendants could continue to conduct business at the same premises, particularly after the defendant was convicted on January 27, 2003 for conspiracy and remanded to

the custody of the U.S. Marshal to await sentencing. Sudeen, 2003 WL 21977170, at *1 (court denying Sudeen's application for release prior to sentencing).

Pointing to the failure of Sudeen to present contrary facts, plaintiffs contend that the defendant was still conducting business and receiving mail at the location at the time service was effectuated. Ct. doc. 21 at 2. They also note that "George F. Bedford, Jr. did not inform the process server that the defendant was not conducting business at that location." Id.

However, the question of the propriety of service[2] need not be reached in addressing this motion to vacate because defendant's contention that he did not receive any of the process served with Mr. Bedford is undisputed. Accepting for purposes of this motion Sudeen's claim that he did not receive actual notice of this action until he received a copy of the April 5, 2005 order, this Court finds that defendant's failure to answer was not willful. Under the circumstances, that Sudeen did not receive timely notice of this action is plausible given that process was delivered only after Sudeen's arrest to the location where the alleged fraudulent

---

[2] In any event, in the absence of proof that defendant Sudeen received actual notice of this litigation, the plaintiff bears the burden of showing proper service in opposing this motion to vacate default. Cf. Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (defaulting defendant moving under Rule 60(b)(4) to vacate default who had actual notice of the original proceeding but delayed in bringing the motion bears the burden of proof to establish that the purported service did not occur).

activities were conducted.  Moreover, since Sudeen apparently had a sufficiently serious medical condition to cause his trial to be adjourned from May 2002 until January 2003, see United States v. Sudeen, 434 F.3d 384 (5th Cir. 2005), he may not have gone to the premises, or otherwise received the summons and complaint, served in October 2002.  After his conviction, it is even less likely that Sudeen received process delivered to the same address.

Even when defendant's conduct may be considered willful, a default judgment against him may be vacated if he presents valid defenses and plaintiff would not be prejudiced if the default judgment was vacated.  See Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57-58 (2d Cir. 1990) (noting defendant was so nonchalant as to be willful, but in light of meritorious defense and absence of prejudice to plaintiff, upholding default would result in "serious miscarriage of justice").  Here, plaintiffs have not claimed any prejudice.  Delay alone is insufficient to establish prejudice.  See Enron, 10 F.3d at 98.  "[I]t must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Davis, 713 F.2d at 916 (internal quotations and citations omitted).  In any event, since this action is stayed as to defendant Sudeen for the 16 months that he had a pending petition before the bankruptcy court in Mississippi, any delay chargeable to him is not significant.  See ct. doc. 13 (petition

-9-

filed on May 12, 2003 and order of discharge issued September 11, 2004).

Third, notwithstanding plaintiffs' claim that Sudeen has no meritorious defense, Sudeen has claimed that he discharged his debts in bankruptcy.  <u>See</u> ct. docs. 13, 15.  The defendant does not have to establish his defense conclusively, but he must present facts that "if proven at trial would constitute a complete defense."  <u>McNulty</u>, 137 F.3d at 740; <u>Enron</u>, 10 F.3d at 98.  Defendant introduces as support for his defense documents showing that he was discharged from Chapter 7 liquidation.  <u>See</u> ct. docs. 13, 15.  While the documents submitted do not indicate whether plaintiffs were on notice of the bankruptcy proceedings, a defense may be less than persuasive at this stage and is meritorious if it "gives the factfinder some determination to make."  <u>Am. Alliance</u>, 92 F.3d at 61; <u>see also</u> <u>Enron</u>, 10 F.3d at 98 ("The test of such defense is not whether there is a likelihood it will carry the day"); <u>Argus Research Group, Inc. v. Argus Securities, Inc.</u>, 204 F. Supp. 2d 529, 533 (E.D.N.Y. 2002) (noting defendant need not establish it will prevail in its defense; rather, defendant must present evidence to support defense); <u>Weisel v. Pischel</u>, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) ("Likelihood of success is not the measure . . . allegations are meritorious if they contain a hint of suggestion, which if proven at trial, would constitute complete defense").  Indeed, in denying Sudeen's motion to dismiss, Judge

Gleeson recognized that while not dispositive, "the defenses suggested by Sudeen may be successful." Ct. doc. 20 at 3.

Although plaintiffs may very well be correct that Sudeen has no meritorious substantive defense in light of his conviction for fraud, this Court is not persuaded on this record that the conviction will necessarily be determinative of the claims here. Defendant was convicted of all 38 counts in his indictment, including counts for fraud stemming from his "involvement in a complicated, international scheme to defraud more than 50 investors of millions of dollars." Sudeen, 2003 WL 21977170, at *1. As set forth in her affidavit dated July 1, 2003 attached to plaintiffs' application for default, plaintiff Kelly Malone testified at Sudeen's criminal trial regarding the same conduct as alleged in the complaint. See affidavit attached to ct. doc. 10 and Motion for Default Judgment dated June 8, 2005 to be filed herewith. In addition, the trial judge permitted the prosecution to depose plaintiff Krysztof Lukaszuk to preserve his testimony for the trial. United States v. Sudeen, 2002 WL 31427364, at *2 (E.D. La. Oct. 28, 2002). However, the trial testimony concerned not only a Ponzi scheme underlying the charges in the indictment, but also another scheme for which Sudeen was not indicted. Sudeen, 434 F.3d at 386, 388-390. Plaintiffs have not clearly shown whether any of their claims relate to the fraudulent scheme for which Sudeen was indicted and convicted or another scheme.

Moreover, although Sudeen's pro se status does not relieve him of the obligation to comply with the Federal Rules of Civil Procedure, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Enron, 10 F.3d at 96. And, defaults "are particularly disfavored . . . when substantial sums of money are demanded." Id. at 97. Here, plaintiffs demanded damages in the amount of $20,019,779.00 plus trebled damages, punitive damages and attorney's fees and costs. See Am. Compl. at ¶ 23. Since "all doubts must be resolved in favor of [Sudeen]," see Green, 420 F.3d at 103, this Court finds on the record presented that Sudeen did not willfully default, a lack of prejudice and the existence of a potential defense.

Because Sudeen's claim that he did not receive actual notice of this action until April 2005 is undisputed, the Court cannot conclusively determine that he has no meritorious defenses and granting his motion will not prejudice plaintiffs, the better course for this Court to take is to vacate the default judgment and adjudicate this case on the merits. See Staples, 2005 WL 820496, at *6; DIRECT TV, Inc. v. Hamilton, 215 F.R.D. 460, 463 (S.D.N.Y. 2003); Uehigashi v. Kamanori, No. 00 CIV. 5390, 2001 WL 649818, at *2-*3 (S.D.N.Y. June 12, 2001).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant Sudeen's motion to vacate default judgment be granted.

Copies of this report and recommendation will be sent by mail or electronically on this date to the parties. Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to the undersigned and the Honorable John Gleeson by September 25, 2006. Failure to file objections within the time specified waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

SO ORDERED.

Dated: Brooklyn, New York
September 1, 2006

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE